UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
PAUL DAVIS,

                             Plaintiff,

                    -against-

CITY OF NEW YORK; Detective STEVEN GANSROW, Shield No. 2866; Sergeant KENNETH DURKIN, Shield No. 1178; Detective JAMES MCCULLOUGH, Shield No. 3719; Detective JELSON GOYCO, Shield No. 2019; Detective LORNE KANOVER, Shield No. 1824; and JOHN DOE 1 through 10 individually and in their official capacities (the names JOHN DOE 1 through 10 being fictitious, as the true name is presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

<u>Jury Trial Demanded</u>

16-CV-2379 (KAM)(CLP)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

6. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## PARTIES

7. Plaintiff Paul Davis ("Davis") is a resident of Queens County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the New York City Police Department ("NYPD"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all relevant times defendants Detective Steven Gansrow ("Gansrow"), Sergeant Kenneth Durkin ("Durkin"), Detective James McCullough ("McCullough"), Detective Jelson Goyco ("Goyco"), Detective Lorne Kanover ("Kanover"), and JOHN DOE 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants JOHN DOE 1 through 10.

10. At all relevant times defendants Detective Steven Gansrow ("Gansrow"), Sergeant Kenneth Durkin ("Durkin"), Detective James McCullough

("McCullough"), Detective Jelson Goyco ("Goyco"), Detective Lorne Kanover ("Kanover"), and JOHN DOE 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. The individual defendants are sued in their individual and official capacities.

11. At all relevant times, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. On October 20, 2015 at approximately 5:00 p.m. to 6:00 p.m., plaintiff Paul Davis was walking to the store to buy cigarettes at or around N. 1st Street between Bedford Avenue and Berry Street.

13. Plaintiff had just come across three friends, when they were all suddenly accosted by a group of plainclothes police officers. Although his friends ran away, plaintiff did not flee or resist in any way.

14. Plaintiff explained to the officers that he had done nothing wrong.

15. Several defendant police officers began beating plaintiff.

16. Defendant police officers struck plaintiff in his eye and nose area. When plaintiff fell to the ground from the blows, all four police officers began to kick him.

17. At no time did plaintiff strike or assault any officer.

18. Defendant police officers took plaintiff to the 90th Precinct station house.

19. Plaintiff was charged with assault and possession of PCP, and then taken to Woodhull Hospital.

20. After treatment at the hospital, plaintiff was taken to Central Booking and arraigned. The judge released him on his own recognizance.

21. Plaintiff suffered damage as a result of defendants' actions. He was deprived of his liberty and suffered bodily injury, pain, emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

24. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## Failure To Intervene

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Those defendants who were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

27. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

28. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

### THIRD CLAIM
**Unreasonable Force**

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
*Monell* **Claim**

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

34. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

35. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

36. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

37. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

38. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:    August 22, 2016
          New York, New York


                                        ___/s_____
                                        Robert Marinelli
                                        305 Broadway, 10th Floor
                                        New York, New York 10007
                                        (212) 822-1427
                                        robmarinelli@gmail.com

                                        *Attorney for plaintiff*